UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRADY SMITH | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL NO: |
| v. | * | |
| | * | |
| | * | |
| LOUISIANA STATE UNIVERSITY, | * | MAGISTRATE JUDGE |
| a public university; | * | |
| THE BOARD OF SUPERVISORS OF | * | |
| LOUISIANA STATE UNIVERSITY, | * | |
| in their official capacity; | * | JUDGE |
| WILLIAM F. TATE IV, | * | |
| President, Louisiana State University, | * | |
| individually and in his official capacity; | * | |
| THOMAS C. GALLIGAN JR., | * | |
| Immediate past President, Louisiana State | * | |
| University; individually and in his official | * | |
| capacity; | * | |
| JENNIE STEWART, | * | |
| Title IX Coordinator, Louisiana State | * | |
| University, individually and in her official | * | |
| capacity; | * | |
| DANIEL DELUCA, | * | |
| Assistant Director, SAA, Louisiana State | * | |
| University, individually and in his official | * | |
| capacity; | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

NOW COMES Plaintiff, Brady Smith, by and though his undersigned counsel, THE AMBEAU LAW FIRM, attorney Jarrett Ambeau, and respectfully brings this Complaint for Injunctive and Declaratory Relief and Damages against Defendants, as follows:

# INTRODUCTION

### 1.

This action is for due process violations under the Louisiana Constitution, Art. I, sec. 2; and under the Fourteenth Amendment to the United States Constitution; and pursuant to 42 U.S.C. § 1983; and pursuant to 28 U.S.C. § 2201 as an actual controversy has arisen between the Plaintiff and Defendants as further described in this Complaint; and for sex discrimination under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681, et. seq., and 34 C.F.R. § 106.31.

### 2.

Plaintiff is a current undergraduate student at Louisiana State University.

### 3.

Plaintiff's claims arise out of the decision of the following Defendants:

a) LOUISIANA STATE UNIVERSITY (hereinafter "LSU");

b) THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY (hereinafter "BOARD OF SUPERVISORS")

c) WILLIAM F. TATE IV (hereinafter "Defendant TATE");

d) THOMAS C. GALLIGAN (hereinafter "Defendant GALLIGAN");

e) JENNIE STEWART (hereinafter "Defendant STEWART");

f) DANIEL DELUCA (hereinafter "Defendant DELUCA");

to improperly impose disciplinary proceedings and procedures, through Title IX and Student Advocacy and Accountability actions, and other actions against Plaintiff, to expose him to punishment, including the possibility of expulsion from the University, denial of his continuing education at Louisiana State University, or any other university, and permanent recording on his

academic record, for alleged misconduct, in violation of Plaintiff's state and federal constitutional and statutory rights.

4.

Plaintiff affirmatively asserts that he has never engaged in any of the alleged misconduct, that the allegations made against him are false, and that it is clear from the evidence that there is not sufficient support for any disciplinary action against him by the Defendants.

**JURISDICTION AND VENUE**

5.

At all times relevant to this Complaint, Plaintiff was a resident of East Baton Rouge Parish, Baton Rouge, Louisiana, within the jurisdiction of the United States District Court for the Middle District of Louisiana.

6.

Defendant LSU is a state university, entitled to all vested benefits so enacted by the Congress of Louisiana and Congress of the United States.

7.

At all times relevant to this complaint, Defendant LSU provided education and educational services to students within the State of Louisiana.

8.

Defendant LSU is managed by the Defendant BOARD OF SUPERVISORS of Louisiana State University.  Defendant BOARD OF SUPERVISORS have the power to "supervise and manage the institution [LSU]…" in accord with Article 8, Section 7 of the Louisiana Constitution.

3

9.

Defendant BOARD OF SUPERVISORS have general supervisory control of LSU and of the action and/or inactions of its employees, officers and agents acting in their official capacity for LSU.

10.

Defendant BOARD OF SUPERVISORS were acting within the scope of their employment or appointment, and under the color of state law, at all times relevant to this Complaint.

11.

Defendant TATE is, upon the best information and belief available to the Plaintiff, the current President of Louisiana State University, and at all times relevant, is acting in this capacity at the time of the filing of this Complaint.

12.

Defendant GALLIGAN was, out of an abundance of caution, and upon the best information and belief available to the Plaintiff, the immediate past acting President of Louisiana State University, and may be, or have been, at all times relevant, acting in this capacity at the time of the filing of this Complaint, and is the alternative (to Defendant TATE) Defendant in this matter.

13.

Defendant STEWART is the Title IX Coordinator at Louisiana State university, and at all times relevant to this Complaint, was acting in that capacity.

14.

Defendant DELUCA is the Assistant Director of Student Advocacy and Accountability, and at all times relevant to this Complaint was acting in that capacity.

15.

It in the best information and belief of the Plaintiff that all of the individual Defendants named above are residents of the State of Louisiana and current employees of Louisiana State University.

16.

The above-named individuals are sued both in their individual and official capacities, insofar as necessary to preserve the rights of the plaintiff.

17.

All acts and omissions which are the subject of Plaintiff's Complaint occurred in East Baton Rouge Parish, Baton Rouge, Louisiana.

18.

This Court has subject matter jurisdiction over all claims asserted by Plaintiff.

19.

This Court has personal jurisdiction over Plaintiff and Defendants.

20.

Venue is proper in the Middle District of Louisiana.


**<u>FACTUAL BACKGROUND</u>**

21.

Plaintiff is a current student at Louisiana State University, entering his senior year in the fall of 2021.

22.

Plaintiff has never been sanctioned by any school and has no criminal record of any kind.

23.

Plaintiff was a very successful student in high school, finishing with honors, and has been exemplary in his studies at Louisiana State University.

24.

Plaintiff is a kind and reasonable person and is respected by his peers, as is evidenced by the statements of the proposed witnesses in the matter from which this Complaint arises.

## **INVESTIGATION**

25.

Upon information and belief another student at Louisiana State University, the complaining student (hereinafter "CS"), filed a complaint with the university against the Plaintiff on February 5, 2021, alleging "sexual misconduct".

26.

The Title IX office at Louisiana State University investigated the complaint, including an interview with the Plaintiff herein on April 8, 2021.

27.

The Title IX office interviewed CS and a number of witnesses in the investigation.

28.

The Title IX investigator informed the Plaintiff on April 26, 2021, that the Title IX investigation was being dismissed "due to jurisdiction", as the alleged activity took place off campus. There was no indication in the communication of the Title IX investigators factual findings related to the allegations.

29.

It was communicated that the matter was being referred to the Student Advocacy and Accountability office of Louisiana State University.

30.

In the next communication received by the Plaintiff, on June 4, 2021, the Student Advocacy and Accountability office informed him that the matter had been referred to a "University Hearing Panel".

31.

The "University Hearing Panel" (hereinafter "UHP") is, according to the Louisiana State University Student Code of Conduct (hereinafter "CODE")[1], an adjudicative body that hears alleged violations of the CODE, referred by the Dean of Students or an SAA official.

32.

The UHP is currently scheduled for June 11, 2021 at 1:30 p.m.

33.

The evidence and information being offered against the Plaintiff at the UHP was disclosed to the Plaintiff by the SAA on June 8, 2021.

## UNIVERSITY POLICES AND PROCEDURES

34.

At the time of the events forming the basis of the Complaint, LSU had conflicting policies and procedures related to student misconduct, including specifically that related to representation and advocacy in disciplinary hearings.

---

[1] Available at: https://www.lsu.edu/saa/students/codeofconduct.php

35.

Upon information and belief, Defendant TATE and/or Defendant GALLIGAN and Defendant BOARD OF SUPERVISORS failed to properly institute policies and procedures that would allow fair and impartial investigations, findings and hearings into the allegations against the Plaintiff.

36.

Upon information and belief, Defendant TATE and/or Defendant GALLIGAN and Defendant BOARD OF SUPERVISORS failed to properly institute policies and procedures to ensure a fair and impartial disciplinary action against the Plaintiff.

## LOUISIANA STATE UNIVERSITY "PERMANENT MEMORANDUM 73"

37.

Louisiana State University "Permanent Memorandum 73" (hereinafter "PM73") outlines the procedures for addressing and resolving allegations of Sexual Misconduct.[2]

38.

The "formal resolution" addressed in PM73 is called a "PM73 hearing".

39.

In accord with the PM73 memorandum, a pre-hearing conference is required "at least two (2) business days prior to the hearing and ten (10) business days after the investigative report is sent to the parties.

---

[2] Available at: https://www.lsu.edu/administration/policies/pmfiles/pm-73.pdf

40.

In accord with the PM73 memorandum, the pre-hearing shall be conducted to; (1) identify panelists and objections thereto, (2) address evidentiary issues, (3) ensure the availability of advisors to <u>conduct cross-examination</u>, and (4) provide a forum to address questions related to the process and procedure prior to the hearing.

41.

In accord with the PM73 memorandum, each party is permitted to be represented by an advisor, who is the only person <u>who may conduct cross-examination</u> of behalf of a party.

**STUDENT ADVOCACY AND ACCOUNTABILITY – STUDENT CODE OF CONDUCT**

42.

The Student Advocacy and Accountability procedure is governed by the CODE.

43.

The CODE addresses a formal resolution of any misconduct allegations in the SAA, and the panel in this matter is called a UHP.

44.

The UHP advisor, which each party can have present at the hearing, cannot speak or represent the party or conduct cross-examination of the witnesses.

45.

The provisions of the PM73 hearings, the stated policy of Defendant LSU with regard to sexual misconduct allegations, and the UHP hearing under the CODE and SAA, are not consistent with regard to the rights of the parties.

46.

Upon information and belief, the possible punishment/outcome in each of these two hearings is exactly the same – the Plaintiff faces expulsion from the University, denial of his continuing education at Louisiana State University, or any other university, and permanent recording on his academic record.

47.

The Defendant LSU affords students greater due process in PM73 hearings than it does in CODE hearings in the SAA procedure, despite the fact that possible sanctions are exactly the same.

48.

Defendant LSU's sexual conduct policy, articulated in PM73, is designed to protect the due process rights of all parties by allowing cross-examination and representation by an advisor or attorney. But the CODE policy in the SAA procedures removes this due process protection, and instead puts the burden of conducting the hearing, with all of the intendant consequences, on the parties involved in the event.

49.

The CODE proceeding in the SAA further abridges the rights of the parties by forgoing the pre-hearing procedure, not allowing a reasonable opportunity to know the panel members and object to the makeup of the panel, as provide for in the CODE.

50.

The CODE proceeding in the SAA further abridges the rights of the accused by forgoing the pre-hearing procedure, not allowing a reasonable period of notice and preparation giving an accused only 7 days' notice and 48 hours to review the evidence and prepare a defense.

51.

The CODE proceeding in the SAA further abridges the rights of the accused by not allowing a reasonable opportunity to prepare, in that it is the policy of the SAA to deny any request for extension of time to prepare and review evidence in the matter, being inflexible in continuing the hearing from the date set.

## COUNT I

### DUE PROCESS VIOLATIONS - LOUISIANA CONSTITUTION, ART. I, SEC. 2; AND UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

52.

Plaintiff incorporates herein all allegations contained in the foregoing paragraphs as if set forth in full herein.

53.

Article I, section 2 of the Louisiana Constitution provides in pertinent part, "No person shall be deprived of life, liberty, or property, except by due process of law."

54.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

55.

It is well-established that Plaintiff has a protected right to due process of law in higher education disciplinary proceedings.

56.

Plaintiff has a protected liberty interest in his good name, reputation, honor, and integrity, of which he cannot be deprived by the state without due process.

57.

Plaintiff has a protected property interest in pursuing his education, as well as in his future educational and employment opportunities and occupational liberty, of which he cannot be deprived by the state without due process.

58.

Plaintiff has a protected property interest in continuing his education at the Louisiana State University.

59.

Plaintiff is entitled to a process commensurate with the seriousness of the allegations and potential discipline, sanctions, and repercussions he is facing, especially when the allegations are of sexual misconduct, which will result in a severe sanction that will have lifelong ramifications for Plaintiff.

60.

Plaintiff is facing a disciplinary process and procedure without being afforded due process, including, but not limited to, the following:

a)  A meaningful opportunity to be heard, to include the opportunity to respond, explain and defend; allowing Plaintiff the opportunity to confront witnesses, to include allowing Plaintiff the opportunity to hear, respond to, and question and cross-examine witnesses, including his accuser;

b) Meaningful and unbiased university policies and procedures affording LSU employees adequate and appropriate training on methods for investigating and adjudicating allegations of sexual misconduct;

c) Allowing Plaintiff's Counsel to represent Plaintiff's interests throughout the process, to include allowing Plaintiff's counsel to make argument, to examine witnesses, to speak on behalf of the Plaintiff, or to take any other action as counsel for Plaintiff; and

d) Instituting policies and procedures that protect the interests of both the accused student and the accuser.

61.

Defendants have a custom and practice of disregarding and violating students' constitutional rights.

62.

Defendants have a custom and practice of failing to afford basic due process protections to students accused of misconduct under the provisions of the CODE and the SAA.

63.

Defendants' actions and inactions described above are fundamentally unfair to Plaintiff, unduly prone to false findings of misconduct, and are arbitrary and capricious.

64.

Defendants' conduct is so egregious as to shock the conscience.

65.

In depriving Plaintiff of his protected due process rights, including his liberty interest in his good name, reputation, honor and integrity, possibly the opportunity to pursue education and employment, and his protected property interest in his education, Defendants are violating

Plaintiff's right to due process of law in violation of Article I, Section 2 of the Louisiana Constitution and of the Fourteenth Amendment to the United States Constitution.

66.

Defendants have no sufficient justification for abridging Plaintiff's due process rights.

67.

Defendants, acting under color of state law and in concert with one another, by their conduct showed intentional, outrageous and reckless disregard for Plaintiff's constitutional rights.

68.

At all times relevant, Plaintiff has a clearly established right to due process of law which a reasonable public official should know.

69.

As a direct and proximate result of Defendants' actions, Plaintiff may suffer injury and damages, to include, but not limited to: expulsion from the University; denial of educational opportunities; loss of future educational and employment opportunities; a permanent finding of sexual misconduct on Plaintiff's educational records; damage to Plaintiff's reputation and standing in the community; loss of career opportunities and earnings capacity; mental and emotional distress; humiliation and embarrassment; and loss of personal and professional reputation.

70.

As a result of the foregoing, Plaintiff is entitled to relief against Defendants as requested in this Complaint.

## COUNT II

## <u>INJUNCTIVE RELIEF</u>

71.

Plaintiff incorporates herein all allegations contained in the foregoing paragraphs as if set forth in full herein.

72.

The hearing currently set for Friday, June 11, 20201 at 1:30 p.m., is being conducted in violation of the Article I, section 2 of the Louisiana Constitution and the Fourteenth Amendment to the United States Constitution, in denying the Plaintiff of his constitutional right to due process.

73.

If the hearing goes forward as scheduled, and without the Plaintiff having the assistance of counsel, including the opportunity to respond, explain and defend; the opportunity to confront witnesses; and the opportunity to hear, respond to, and question and cross-examine witnesses, including his accuser, there will be a resultant immediate and irreparable harm to the Plaintiff.

74.

If an injunction issues, for the purpose of addressing the matters herein, enjoining the hearing from going forward as scheduled, any harm to Defendant LSU is outweighed by the threatened irreparable injury to the Plaintiff.

75.

The injunction requested is not averse to the public interest, as the public has an appreciable interest in fair and impartial application of the Constitution and due process.

76.

The Plaintiff has a substantial likelihood of success on the merits of this matter, as it is clear that Defendant LSU recognizes the due process rights of students in disciplinary matters, in accord with PM73, despite its inconsistent policy of denying those same due process rights with regard to CODE proceedings within the SAA.

77.

As a result of the foregoing, Plaintiff requests and is entitled to injunctive relief, specifically enjoining Defendant LSU to proceed with the UHP hearing on Friday, June 11, 2021, unless and until this Court issues an order on the merits of this Complaint.

**COUNT III**

**REQUEST FOR DECLARATORY RELIEF – 28 U.S.C. § 2201**

78.

Plaintiff incorporates all allegations contained in the foregoing paragraphs as if set forth in full herein.

79.

An actual controversy exists between Plaintiff and Defendants regarding Defendant's investigative and inconsistent complaint adjudicative process.

80.

Plaintiff seeks a judicial determination pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, that the process and procedure utilized by Defendants are unconstitutional, improper, and/or violative of the rights of the Plaintiff, and, as such, invalid as a matter of law.

81.

A judicial determination resolving this actual controversy is necessary and appropriate.

82.

Due to Defendants' actions and inactions as alleged herein, Plaintiff has suffered, and will continue to suffer, irreparable injury.

83.

Plaintiff does not have an adequate alternative remedy at law.

84.

As a result of the foregoing, Plaintiff is entitled to declaratory relief against Defendants as requested in this Complaint.

**COUNT IV**

**VIOLATION OF TITLE IX – 20 U.S.C. § 1681(a)**

85.

Plaintiff incorporates herein all allegations contained in the foregoing paragraphs as if set forth in full herein.

86.

Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in a school's education program or activity, including all of a school's operations.

87.

Defendant LSU is an educational institution receiving Federal financial assistance under Title IX, 20 U.S.C. § 1681.

88.

Title IX and its regulations require schools, including Defendant LSU, to adopt and publish grievance procedures providing for the prompt and equitable resolution of student complaints that allege any action prohibited by Title IX, including sexual harassment, assault, and sexual misconduct. The procedures adopted by a school must not only ensure the Title IX rights of the complainant, but also accord due process to both parties involved.

89.

Under Title IX, Defendant LSU must also ensure all employees involved in the conduct of procedures have adequate training as to what conduct constitutes sexual harassment and sexual misconduct.

90.

Defendant LSU, through its agents, owe a duty to ensure that no student, faculty or staff member, or member of the public is excluded from participation in, denied the benefit of, or is subjected to discrimination under any educational program on the basis of sex.

91.

Defendants failed to provide Plaintiff will the full benefits and services of and will deny him reasonable participation in, and discriminated against him with regards to programs, services and/or activities at Louisiana State University because of his sex.

92.

Defendants are depriving Plaintiff, because of his sex, his rights to due process through the improper and biased administration of university policies, procedures, regulations and guidelines. Defendants created and applied their policies and procedures and gender-biased practices in a

manner that are discriminating against Plaintiff on the basis of his sex and will lead to an erroneous and adverse outcome.

93.

In discriminating against Plaintiff on the basis of sex, Defendants are under scrutiny for the alleged mishandling of sexual assault complaints and are experiencing significant public pressure to "do more" to handle allegations of male students engaging in sexual misconduct against female students. Such public pressure and scrutiny are improperly motivating and influencing the disciplinary proceeding against Plaintiff due to his sex.

94.

From the start, the "investigation" by Defendants was biased against Plaintiff because of the perceived epidemic of sexual assaults on females by males on college campuses, and the actual recent history of sexual assaults, and mishandling of those assaults, in the athletic department at Louisiana State University.

95.

Based on Plaintiff's gender, Defendants presumed Plaintiff, a male student accused of sexual misconduct, is guilty and are rushing to judgment against him, in spite of the evidence and facts, which if allowed to continue will lead to an erroneous outcome.

96.

Defendants' actions are intentional, and in deliberate indifference to the rights of Plaintiff, the discovery of truth, and the correct outcome of the investigation.

97.

Defendants failed to conduct an adequate, reliable, and impartial investigation when it conducted its investigation of the allegations against Plaintiff.

98.

Defendants intend to use an unfair and non-impartial process and procedure to adjudicate the allegations in a manner biased against Plaintiff due to his sex.

99.

Defendants created an environment where an accused male student is fundamentally denied due process by being prosecuted through the investigatory and disciplinary process under a presumption of guilt. Such a one-sided process deprives Plaintiff, as a male student, of educational opportunities on the basis of his sex.

100.

Defendants actively engaged in sex-based discrimination against the Plaintiff by subjecting him to a continued adjudicative process, including procedures that violate the Plaintiff's due process rights.

101.

Defendants failed to provide adequate training for LSU officials, including the Title IX Coordinator and SAA assistant director.

102.

Defendants failed to adopt procedures that ensure both the Title IX rights and constitutional right of the complainant, and also accord due process to both parties involved, including providing adequate, reliable and impartial investigation of complaints, and a fair and reasonable opportunity to respond, prepare, and participate in the adjudicative process.

103.

Defendants failed to provide adequate staffing of the relevant offices of Louisiana State University, failed to ensure that all employees involved in the investigation of alleged sexual

misconduct had adequate training as to what conduct constitutes sexual harassment and alleged sexual assaults as required by Title IX, failed to provide adequate training on how to conduct sexual misconduct investigations and adjudications, and failed to provide for a fair and reasonable adjudicative process.

104.

Defendants failed to ensure its investigators were adequately trained in collecting and analyzing evidence in order to make consistent and reliable determinations of credibility during investigations.

105.

Defendants failed to ensure impartial resolution of Title IX complaints.

106.

Defendants treated Plaintiff differently and less favorably on the basis of his sex with regard to the investigative and adjudicative process.

107.

Defendants are imposing a burden upon Plaintiff to disprove the allegations levelled against him, on the basis of his gender.

108.

Defendants intentionally treated the CS preferentially on the basis of her sex by adopting her statements as true, even though the statements were illogical, inconsistent, contrary to other witnesses, and if taken on their face do not constitute the facts necessary to continue with the adjudicative process.

109.

Upon information and belief, Defendants have demonstrated a pattern of inherent and systematic gender bias and discrimination against male students accused of misconduct.

110.

Upon information and belief, Defendants were motivated by gender bias in initiating, adjudicating, and implementing the disciplinary proceeding against Plaintiff based upon his sex as a male student accused of sexual misconduct because of the increasing public attention and controversy of sexual assault on college campuses and at Louisiana State University specifically.

111.

Plaintiff is being subjected to a biased, prejudiced, and explicitly unfair process in violation of Title IX.

112.

As a direct and proximate cause of the discriminatory acts of Defendants, Plaintiff has suffered unlawful sex-based discrimination and continuing loss of the benefits of Defendant LSU's educational programs, loss of career opportunities, economic injuries, and other direct and consequential damages.

113.

As a result of the foregoing, Plaintiff is entitled to damages in the amount to be determined at trial, plus pre-judgment interest, attorneys' fees, expenses, and costs.

## COUNT V

## **BREACH OF CONTRACT**

### 114.

Plaintiff incorporates herein all allegations contained in the foregoing paragraphs as if set forth in full herein.

### 115.

Defendant LSU, acting through its Board of Regents and employees, created express contracts when Plaintiff accepted an offer of admission at Louisiana State University as an undergraduate student and paid the tuition and fees associated therewith. Plaintiff did so in reliance on the understanding, and with the reasonable expectation, that Defendant LSU would fairly and without bias implement and enforce the provisions and polices set forth in its official publications.

### 116.

Defendant LSU committed several breaches of its express agreements with Plaintiff. A non-exhaustive list of Defendant LSU's breaches include the following:

a) Failing to create and implement consistent policies and procedures;

b) Failing to conduct a fair and impartial investigation and adjudicative process;

c) Failing to provide adequate due process, to include the right to confront witnesses and the right to be represented by and advisor or attorney;

d) Failing to adequately and properly consider and weigh evidence; and

e) Failing to allow adequate participation of an advisor or attorney representation during the investigative and adjudicative processes.

117.

As a direct and proximate result of the above conduct, Plaintiff is sustaining, and will sustain, significant damages, including, without limitation, emotional distress, loss of educational, professional and career opportunities, injuries, and other direct and consequential damages.

118.

As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court orders:

a) Injunctive relief to immediately address the irreparable harm that will be caused Defendants' conduct as stated herein, including the issuance of an order:

   (1) enjoining Defendants from holding a University Hearing Panel on Friday, June 11, 2021;

   (2) enjoining Defendants from taking any adverse action against Plaintiff unless and until this Complaint is finally adjudicated on the matters herein and this Court issues a final order on the merits of this matter;

b) Declaratory relief, including a declaration that the investigative and adjudicative processes used by Defendants are unconstitutional, improper, and violative of Plaintiff's rights;

c) Damages in an amount to be determined at trial;

d) Award of attorney fees and costs to Plaintiff;

e) Award of attorney fees pursuant to 42 U.S.C. §§ 1988 and 1983 to Plaintiff; and

f) Awarding Plaintiff such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:


  /s/ Jarrett P. Ambeau
JARRETT P. AMBEAU (32089)
THE AMBEAU LAW FIRM
9448 Ambeau Law Firm, Ste. B
Baton Rouge, LA 70809
Telephone: (225) 330-7009
Facsimile: (225) 960-5864
Email: jarrett@ambeaulaw.com