UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADY SMITH** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE, ET AL.** | **NO. 21-00340-BAJ-RLB** |

## RULING AND ORDER

Before the Court is Plaintiff's **Motion For Temporary Restraining Order And Preliminary Injunction And Incorporated Memorandum (Doc. 5).** Plaintiff is a current Louisiana State University ("LSU") student, and seeks an injunction to prevent Defendants from convening a disciplinary hearing on Friday, June 11, 2021, at 1:30 P.M., which may ultimately result in Plaintiff's expulsion. (*Id.* at p. 10; ¶¶ 5, 24). Plaintiff alleges that the hearing is being conducted in violation of his constitutional right to due process, and further asserts that if the hearing goes forward, "without [] Plaintiff having the assistance of counsel, including the opportunity to respond, explain and defend; the opportunity to confront witnesses; and the opportunity to hear, respond to, and question and cross-examine witnesses, including his accuser, there will be a resultant immediate and irreparable harm to the Plaintiff." (*Id.* at ¶ 33).

Federal Rule of Civil Procedure ("Rule") 65 provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

(A) specific facts in an affidavit or a verified complaint clearly show that

> immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65 (emphasis added).

Here, Plaintiff has failed to comply with Rule 65(a) because he did not file either an Affidavit or a Verified Complaint to support the facts that he contends will result in immediate and irreparable injury. Plaintiff's failure to adhere to Rule 65's procedural requirements, standing alone, is sufficient basis to deny his request for a TRO. *See Stevenson v. Benjamin*, No. 19-cv-637 (M.D. La. February 17, 2021); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016); *Bonds v. McCain*, No. 1:20-CV-00293, 2021 WL 1238849, at *2 (W.D. La. Mar. 17, 2021), *report and recommendation adopted*, No. 1:20-CV-00293-P, 2021 WL 1238972 (W.D. La. Apr. 1, 2021).

More fundamentally, even if Plaintiff had complied with Rule 65(a)'s procedural requirements, Plaintiff has failed at present to clearly establish that immediate and irreparable injury will result if the Court does not prevent LSU from convening the disciplinary hearing. Indeed, Plaintiff's Motion *assumes* a negative outcome at the hearing, but there is at least a possibility that a positive outcome will result. This inherent uncertainty defeats Plaintiff's claim of immediate and irreparable harm, as required by Rule 65.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a temporary restraining order is

**DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file their response, if any, to Plaintiff's request for a preliminary injunction within the time limits imposed by Local Civil Rule 7.

**IT IS FURTHER ORDERED** that a telephone status conference is set in this matter on Tuesday, June 15, 2021, at 2:00 P.M. Counsel will receive information pertaining to the conference call on the morning of the scheduled conference.

Baton Rouge, Louisiana, this 11th day of June, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIAN**