## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRADY SMITH** | * | **CIV. A. NO.: 21-CV-00340** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE: BRIAN A. JACKSON** |
| **LOUISIANA STATE UNIVERSITY;** | * | |
| **THE BOARD OF SUPERVISORS OF** | * | |
| **LOUISIANA STATE UNIVERSITY;** | * | |
| **WILLIAM F. TATE IV; THOMAS C.** | * | **MAG. JUDGE:** |
| **GALLIGAN, JR.; JENNIE STEWART;** | * | **RICHARD L. BOURGOIS, JR.** |
| **DANIEL DELUCA** | * | |

**************************************************************************

## UNOPPOSED AND JOINT MOTION AND ORDER FOR STAY

NOW INTO COURT, through undersigned counsel, come Defendants, Louisiana State University ("LSU"), The Board of Supervisors of Louisiana State University ("Board"), Thomas C. Galligan, Jr. ("Galligan"), Jennie Stewart ("Stewart"), and Daniel Deluca ("Deluca") (collectively "Defendants"), and Plaintiff, Brady Smith ("Plaintiff" or "Smith") who jointly move this Honorable Court for an order staying the captioned matter from any further proceedings, indefinitely continuing any and all deadlines for responsive pleadings or any other filings required of any party, until the underlying administrative proceedings have been exhausted and either Plaintiff or Defendants move this Court to lift the stay.

WHEREFORE, Defendants, Louisiana State University ("LSU"), The Board of Supervisors of Louisiana State University ("Board"), Thomas C. Galligan, Jr. ("Galligan"),

Jennie Stewart ("Stewart"), and Daniel Deluca ("Deluca"), and Plaintiff, Brady Smith ("Smith"), pray that this matter be stayed from any further proceeding and that all deadlines be continued without date, until the underlying administrative proceedings have been exhausted and either Plaintiff or Defendants move this Court to lift the stay.

Respectfully submitted,

**KEOGH, COX, & WILSON, LTD.**

By: /s/ Christopher K. Jones
CHRISTOPHER K. JONES (#28101)
CATHERINE S. GIERING (#26495)
701 Main Street
P.O. Box 1151 (70821)
Baton Rouge, LA 70802
Telephone: (225) 383-3796
Facsimile: (225) 343-2413
Email:  cjones@keoghcox.com
            cgiering@keoghcox.com
*Counsel for Louisiana State University, The Board of Supervisors of Louisiana State University, Thomas C. Galligan, Jr., Jennie Stewart, and Daniel Deluca*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that, as of the date of this mailing, there are no manual recipients identified to receive this mailing.

Baton Rouge, Louisiana, this 2nd day of July, 2021.

          /s/ Christopher K. Jones
        CHRISTOPHER K. JONES

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRADY SMITH** | * | **CIV. A. NO.: 21-CV-00340** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE: BRIAN A. JACKSON** |
| **LOUISIANA STATE UNIVERSITY;** | * | |
| **THE BOARD OF SUPERVISORS OF** | * | |
| **LOUISIANA STATE UNIVERSITY;** | * | |
| **WILLIAM F. TATE IV; THOMAS C.** | * | **MAG. JUDGE:** |
| **GALLIGAN, JR.; JENNIE STEWART;** | * | **RICHARD L. BOURGOIS, JR.** |
| **DANIEL DELUCA** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF UNOPPOSED AND JOINT MOTION AND ORDER FOR STAY

NOW INTO COURT, through undersigned counsel, come Defendants, Louisiana State University ("LSU"), The Board of Supervisors of Louisiana State University ("Board"), Thomas C. Galligan, Jr. ("Galligan"), Jennie Stewart ("Stewart"), and Daniel Deluca ("Deluca") (collectively "Defendants"), and Plaintiff, Brady Smith ("Plaintiff" or "Smith") who jointly move this Honorable Court for an order staying the captioned matter from any further proceedings, indefinitely continuing any and all deadlines for responsive pleadings or any other filings required of any party, until the underlying administrative proceedings have been exhausted and either Plaintiff or Defendants move this Court to lift the stay.

## I.   BACKGROUND

Plaintiff instituted suit on June 10, 2021, seeking injunctive and declaratory relief as well as damages from Defendants arising out of a matter pending before the LSU Student Advocacy and Accountability Office due to an alleged violation of the LSU Student Code of Conduct. (R. Doc. 1). At the time of filing the original Complaint, a hearing had been scheduled for June 11, 2021, before a University Hearing Panel as overseen by the Student Advocacy and Accountability Office. (*Id.*). Due to this timing and based upon the specific allegations set forth in Plaintiff's Complaint, Plaintiff simultaneously filed a Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 5), which was denied by this Court. (R. Doc. 14).

Plaintiff simultaneously informally requested a continuance of the June 11, 2021, hearing, to which Defendants agreed.

A telephone status conference was held on June 17, 2021, before Judge Brian Jackson. At that time, the instant matter and the continuance were discussed, and Plaintiff was granted leave to amend his Complaint. Plaintiff filed an Amended Complaint on June 24, 2021. (R. Doc. 23). The Amended Complaint dismissed one of the originally-named defendants and Plaintiff's claim for damages. The Amended Complaint also reflected that the June 11, 2021, administrative hearing before the University Hearing Panel had been amenably continued. (*Id.*).

The Amended Complaint was served on Defendants on June 30, 2021; therefore, responsive pleadings are due on July 21, 2021; however, it is known that Defendants will need an extension of time to adequately prepare its responsive pleadings. In the interim, the LSU Student Advocacy and Accountability Office re-noticed the underlying administrative hearing for July 9, 2021, and Plaintiff has been notified of same.

In light of the timeframe set forth above and in the interest of efficiency and responsible utilization of judicial resources, the parties have conferred and agreed to a stay of the captioned litigation, which encompasses an indefinite extension of all applicable deadlines, until the underlying administrative process has been exhausted and any party files a motion to lift the stay with this Court. For the reasons set forth below, the parties jointly move this Court for the relief sought.

## II.   LEGAL STANDARD AND ANALYSIS

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 1760, 173 L.Ed. 2d 550 (2009) (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672, 47 S. Ct. 222, 71 L.Ed. 463 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.*, 556 U.S. at 433, 129 S. Ct. at 1760 (citing *Virginian R. Co.*, 272 U.S. at 672–673, 47 S. Ct. 222). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.*, 556 U.S. at 433–34, 129 S. Ct. at 1761 (citations omitted).

"The fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion.... "[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles."'" *Nken*, 556 U.S. at 434, 129 S. Ct. at 1761 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005)). The Supreme Court has described four factors to consider in deciding whether to grant a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.*, 556 U.S. at 434, 129 S. Ct. at 1761 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L.Ed. 2d 724). "The first two factors of the traditional standard are the most critical." *Id.* As the Supreme Court has explained:

> It is not enough that the chance of success on the merits be "better than negligible." *Sofinet v. INS*, 188 F.3d 703, 707 (C.A.7 1999) (internal quotation marks omitted).... "[M]ore than a mere 'possibility' of relief is required." [ (citation omitted).] By the same token, simply showing some "possibility of irreparable injury," *Abbassi v. INS*, 143 F.3d 513, 514 (C.A.9 1998), fails to satisfy the second factor. As the Court pointed out earlier this Term, the " 'possibility' standard is too lenient." [*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375, 172 L.Ed. 2d 249 (2008) ].

*Id.*, 556 U.S. at 434–35, 129 S. Ct. at 1761.

Here, the circumstances justify an exercise of the Court's discretion. The instant matter arises out of administrative proceedings overseen by the LSU Student Advocacy and Accountability Office. Specifically, Plaintiff alleges several counts regarding the disciplinary hearing before a University Hearing Panel. Such panel is scheduled to convene and hear the underlying complaint on July 9, 2021. It is possible that Plaintiff will be successful at that hearing, resulting in a favorable and positive outcome. If such an outcome results, this will significantly reduce, if not render entirely moot, Plaintiff's allegations and requests for relief in the instant matter. With that in mind, all parties agree that it would be inefficient and a gross utilization of this Court's and all parties' resources to invest in preparing responsive pleadings (which will be in the form of a dispositive motion pursuant to Rule 12), briefing the issues raised in the responsive pleadings, and ruling upon same, only for the issues briefed therein to be resolved. Therefore, all parties agree upon and join in this motion for a stay of the instant matter, including an indefinite extension of all deadlines, until the underlying administrative proceedings are exhausted and a party files a motion to lift the stay.

No party will be irreparably injured should this Court grant the stay. No party will be substantially injured should this Court grant the stay. Also, the public interest lies in the most efficient and judicious utilization of judicial proceedings, and an Order to Stay this matter is in line with this public interest.

Alternatively, if Plaintiff is not successful at the underlying administrative hearing, after exhausting the appeal rights available to him, he will then be in a position to move this Court to lift the stay in place. This matter will be in a better posture to proceed judiciously should such an occasion arise. New deadlines may be ordered by the Court at such time reflective of necessary time to amend and/or prepare pleadings.

All parties join in this motion, and there is no opposition to this motion.

Respectfully submitted,

**KEOGH, COX, & WILSON, LTD.**

By:   /s/ Christopher K. Jones
CHRISTOPHER K. JONES (#28101)
CATHERINE S. GIERING (#26495)
701 Main Street
P.O. Box 1151 (70821)
Baton Rouge, LA 70802
Telephone: (225) 383-3796
Facsimile: (225) 343-2413
Email:   cjones@keoghcox.com
         cgiering@keoghcox.com
*Counsel for Louisiana State University, The Board of Supervisors of Louisiana State University, Thomas C. Galligan, Jr., Jennie Stewart, and Daniel Deluca*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that, as of the date of this mailing, there are no manual recipients identified to receive this mailing.

Baton Rouge, Louisiana, this 2nd day of July, 2021.

                                         /s/ Christopher K. Jones
                                         CHRISTOPHER K. JONES